IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LESLIE DUKE,
          Plaintiff,

v.                                                               Civil Action No. 3:18-cv-00290-JAG

XYLEM TREE EXPERTS, INC., et al.,
          Defendants.

## OPINION

Leslie Duke claims that his employer fired him because he refused to drive a truck without the necessary highway permits. The Court previously directed Duke to file a second amended complaint ("SAC") to allege sufficient facts to establish subject matter jurisdiction, specifically whether he has exhausted administrative remedies under the Surface Transportation Assistance Act ("STAA"). In the SAC, Duke reiterates his grievances under the STAA, but does not indicate that he complied with the administrative exhaustion requirements. Duke also asserts claims under Title VII of the Civil Rights Act of 1964, various criminal statutes, and 42 U.S.C. § 1983. The defendants, Xylem Tree Experts, Inc. ("Xylem"),[1] William Hoover, Randolph Hoover, and Benjamin Hoover,[2] have moved to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the Court lacks subject matter jurisdiction over Duke's STAA and Title VII claims and his remaining allegations fail to state a claim for relief, the Court will grant the motion to dismiss.

---

[1] Duke named the following parties as defendants: "Xylem Tree Inc And Experts, William Hoover, Randolph Hoover, Benjamin Hoover, and Xylem Tree, Inc." (SAC, at 1.) The correct name of the corporate defendant is Xylem Tree Experts, Inc. Duke worked for Xylem, Inc., a related entity.

[2] The Court understands that William, Randolph, and Benjamin Hoover all work for Xylem in some capacity.

## I. BACKGROUND

Xylem hired Duke in 2017 to drive tractor trailers. On April 30, 2018, Duke's supervisor, William Hoover, called Duke and asked him to drive his truck to Midway, North Carolina, where a Xylem crew would load a piece of equipment for Duke to drive to Xylem's shop in Wakefield, Virginia. The load was a "wide load" that Duke could not transport during the day without a permit. That evening, Hoover called Duke and told him to bring the wide load to the Virginia shop even though he had not yet received the required permits. Duke refused to drive the wide load without the proper permit, and Hoover then fired Duke.

In the SAC, Duke asserts the following claims: (1) wrongful termination in violation of the STAA; (2) sexual harassment in violation of Title VII; (3) various criminal allegations; and (4) violation of his constitutional rights under 42 U.S.C. § 1983. The defendants have moved to dismiss Duke's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3]

## II. STANDARD

### A. Subject Matter Jurisdiction

Federal courts have limited subject matter jurisdiction and "possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Duke bears the burden of establishing subject matter jurisdiction. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). The complaint must allege the grounds for jurisdiction. *Bowman v. White,* 388

---

[3] The defendants have moved to dismiss on four grounds: (1) Duke's employment contract contained an arbitration agreement; (2) failure to state a claim for relief; (3) failure to establish federal jurisdiction; and (4) a non-attorney ghost writer drafted Duke's pleadings. Because the Court will dismiss the SAC for lack of subject matter jurisdiction and for failure to state a claim, the Court will not address the defendants' arguments as to arbitration or the ghost writer.

F.2d 756, 760 (4th Cir. 1968). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Failure to State a Claim

A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, although courts should liberally construe the complaint, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

## III. DISCUSSION

### *A. Surface Transportation Assistance Act*

The STAA prohibits employers from firing an employee "because . . . the employee . . . refuses to operate a vehicle because the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety." 49 U.S.C. § 31105(a)(1)(B)(i). The STAA also prohibits employers from firing an employee for refusing to drive a vehicle when the employee "has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's hazardous safety or security condition." *Id.* § 31105(a)(1)(B)(ii).

An employee alleging wrongful termination in violation of the STAA must first file a complaint "with the Secretary of Labor not later than 180 days after the alleged violation occurred." *Id.* § 31105(b). The STAA permits aggrieved employees to file a lawsuit in a district court only when "the Secretary fails to issue a final decision within 210 days after the filing of the complaint."[4] *Id.* § 31105(c). In other words, "Congress granted district courts subject-matter jurisdiction in 49 U.S.C. § 31105 only in cases in which the Secretary of Labor fails to issue a final decision within 210 days after filing the complaint." *Rose v. Anderson Hay & Grain Co.*, No. cv-10-055-RMP, 2010 WL 3211948, at *1 (E.D. Wash. Aug. 6, 2010); *see also Bailiff v. Davenport Transp., Inc.*, No. 3:13-cv-308-GCM, 2013 WL 6229150, at *3 (W.D.N.C. Dec. 2, 2013).

Here, Duke has not alleged facts to establish subject matter jurisdiction under the STAA. In a supplemental filing,[5] Duke submitted a letter from the Federal Motor Carrier Safety

---

[4] The STAA also has a procedure for plaintiffs to seek review of the Secretary's decision in the federal courts of appeals. *See* 49 U.S.C. § 31105(d).

[5] In evaluating a Rule 12(b)(6) motion, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). In appropriate cases,

4

Administration ("FMCSA"), which indicates that Duke filed a complaint against Xylem with the FMCSA. (Dk. No. 31.) According to the letter, the FMCSA investigated Duke's allegations, found that Xylem had violated federal regulations, and planned to initiate an enforcement action against Xylem. (Dk. No. 31, at 2.) While Duke has shown that he complained to the FMCSA, he has not established that the Secretary of Labor "fail[ed] to issue a final decision within 210 days after the filing of the complaint." 49 U.S.C. § 31105(c). Accordingly, the Court lacks subject matter jurisdiction to hear his claim under the STAA. *See Bailiff*, 2013 WL 6229150, at *3.

## B. Title VII

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Accordingly, "a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis . . . and the formal litigation claim alleges discrimination on a separate basis." *Id.* Once the EEOC completes the administrative process, it may then issue a right to sue letter, which enables the plaintiff to file a lawsuit. *See* 29 C.F.R. § 1601.28(a).

In this case, Duke has not alleged that the EEOC issued a right to sue letter as to any employment discrimination claim, which deprives the Court of subject matter jurisdiction. *See Baiden-Adams v. Forsythe Transp., Inc.*, 969 F. Supp. 2d 422, 428 (E.D. Va. 2013). In his opposition brief, Duke attached a letter from the EEOC dated August 30, 2018, indicating that he

---

however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

5

filed a charge of discrimination with the EEOC under the Americans with Disabilities Act ("ADA"), but not Title VII. (*See* Dk. No. 28-1.) Even if Duke could produce a right to sue letter from the EEOC, the Court would lack subject matter jurisdiction over his sexual harassment claim because he did not assert it in his EEOC charge. *See Baiden-Adams*, 969 F. Supp. 2d at 428 ("If the plaintiff's . . . claims 'exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.'" (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407-08 (4th Cir. 2013))). Because the Court lacks subject matter jurisdiction over Duke's Title VII claim, the Court must dismiss it.

### *C. Additional Claims*

Duke alleges that William Hoover violated his constitutional rights by filing for and receiving a protective order that led to Duke's arrest. Duke says that Hoover's actions violated 18 U.S.C. §§ 241 and 242—two criminal statutes—and 42 U.S.C. § 1983.

"Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *Tribble v. Reedy*, No. 89-6781, 1989 WL 126783, at *1 (4th Cir. Oct. 20, 1989) (per curiam); *see also Brown v. Clements*, 3:15-cv-104-MHL, 2015 WL 5677296, at *9 (E.D. Va. Sept. 23, 2015) ("A 'bare criminal statute' provides for no express civil remedy."). Because 18 U.S.C §§ 241-42 do not provide for a civil remedy, the Court will dismiss Duke's claims under §§ 241-42.[6]

---

[6] Duke also asserts the following criminal claims against the defendants: (1) theft of his logging trailer; (2) witness intimidation; and (3) forgery of an equipment permit. Because Duke may not bring a private cause of action under criminal statutes that do not provide for a civil remedy, the Court will dismiss Duke's criminal claims for failure to state a claim. *See Tribble*, 1989 WL 126783, at *1.

6

Additionally, 42 U.S.C. § 1983 provides a private cause of action against anyone "who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . [the] citizen . . . to deprivation of any rights, privileges or immunities under the Constitution and laws." 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that the defendant acted under the color of state law and deprived the plaintiff of a right secured by the Constitution. *Brown v. Transurban USA Inc.*, 144 F. Supp. 3d 809, 833-34 (E.D. Va. 2015). Courts deem a private actor a state actor "when the state has delegated a traditionally and exclusively public function to a private actor." *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993). Because Duke has not alleged that the defendants acted under color of state law, the Court will dismiss Duke's claim under § 1983 for failure to state a claim.

## IV. CONCLUSION

Because the Court lacks subject matter jurisdiction over Duke's STAA and Title VII claims and Duke has otherwise failed to state plausible claims for relief, the Court will dismiss this case with prejudice.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: 27 Dec. 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge